NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO GOMEZ, on behalf of himself, all others similarly situated, and the general public,

        Plaintiff - Appellant,

  v.

ELITE LABOR SERVICES WEEKLYS, LTD., an Illinois corporation; ELITE STAFFING, INC., an Illinois corporation,

        Defendants - Appellees,

and

SOUTHLAND EMPLOYMENT SERVICES, INC., a California corporation,

        Defendant.

No. 24-3261

D.C. No.
3:21-cv-03860-MMC

MEMORANDUM*

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| FERNANDO GOMEZ, | No. 24-3594 |
| Plaintiff - Appellee, | D.C. No. 3:21-cv-03860-MMC |
| v. | |
| ELITE LABOR SERVICES WEEKLYS, LTD.; ELITE STAFFING, INC., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted August 12, 2025
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

Fernando Gomez (Gomez) appeals, and Elite Labor Services Weeklys, Ltd. (Elite) cross-appeals, the district court's judgment in a putative class action alleging wage and hour claims under the California Labor Code. We affirm in part and dismiss in part.

**1.** Gomez argues that the district court erred in dismissing the class action allegations related to his wage statement claims under California Labor Code § 226(a). Prior to this appeal, however, the parties stipulated to a judgment that fully resolved Gomez's individual wage statement claim. Because Gomez no longer has a financial stake in this claim, his wage statement claim is moot. *See Brady v.*

*AutoZone Stores, Inc.*, 960 F.3d 1172, 1174-75 (9th Cir. 2020) (explaining that when a putative class representative settles individual claims, the putative class representative "must also retain — as evidenced by an agreement — a financial stake in the outcome of the class claims" to avoid mootness of the class claims). We dismiss his appeal as to these wage statement claims. *See id.*

**2.** We affirm the district court's dismissal of Gomez's representative claim under California's Private Attorney General Act (PAGA). See Cal. Lab. Code § 2698, et seq. In the Sixth Amended Complaint, Gomez's PAGA claim sought civil penalties based upon Elite's failure to provide wage statements as required under California Labor Code § 226(a). But Gomez did not plausibly allege that Elite failed to provide wage statements to employees other than Gomez. Instead, Gomez relied solely on an inference that other employees did not receive wage statements because Gomez did not personally receive wage statements. We agree with the district court that Gomez's allegations lacked the factual content to support Gomez's preferred inference because the allegations fail "to exclude the possibility" of an individual circumstance specific to Gomez rather than a systemic failure. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013), *as amended*. Thus, this inference does not meet the specificity required to state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Estrada v. Royalty Carpet Mills, Inc.*, 15 Cal. 5th 582, 599 (2024) (noting

24-3594

that a PAGA plaintiff may seek penalties for violations involving *other* aggrieved employees).

**3.** We also affirm the district court's dismissal of Gomez's meal and rest break claims in his Fourth Amended Complaint. Gomez alleged only that Gomez was unaware of any actions taken by Elite to ensure that employees received meal and rest breaks. We agree with the district court that these conclusory statements are inadequate to state a plausible claim for relief. We affirm the district court's dismissal of these claims. *See Twombly*, 550 U.S. at 570.

**4.** Gomez finally contends that he should have been permitted discovery into which Elite entity employed him. The district court did not abuse its discretion in denying discovery because the district court treated the Elite entities as one organization. *See Tobar v. United States*, 731 F.3d 938, 941 n.1 (9th Cir. 2013) (reviewing discovery ruling for abuse of discretion). Thus, Gomez has not established any prejudice from the lack of discovery.

**5.** On cross-appeal, Elite argues that the district court erred in denying its motion to dismiss based on a release of claims provision in a prior settlement agreement between the parties. However, the settlement agreement is ambiguous as to the claims released. *See ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1009-10 (9th Cir. 2014) (explaining that "language will be deemed ambiguous when it is reasonably susceptible to more than one interpretation") (citation

omitted). The agreement defines "Plaintiff's Released Claims" to include all claims, "*other than the wage and hour claims*" alleged in this action. Nevertheless, a subsequent provision purports to release "*all claims*." We agree with the district court that this ambiguity presented a fact issue that could not be resolved on a motion to dismiss. *See id.* at 1008-09.[1]

**AFFIRMED in part; DISMISSED in part.**

---

[1] Elite also posits that if the district court erred in dismissing Gomez's claims for failure to provide meal periods, rest breaks, or minimum/overtime wages, this Court should in any event strike the class allegations. Because we conclude that the district court did not err in dismissing those claims, we do not address this argument. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted).